[Criminal No. 431.   Filed February 16, 1918.]

[170 Pac. 788.]

## HAROLD STOVER, Appellant, v. STATE, Appellee.

1. INTOXICATING LIQUORS—INTRODUCTION INTO STATE—INSTRUCTIONS.— Where one, tried for the offense of introducing intoxicating liquors into the state under the first constitutional prohibition amendment, denied having introduced any liquor at all, the court properly instructed that an affirmative defense as to what the liquor was to be used for was not an element in the case.

2. INTOXICATING LIQUORS — INTRODUCING LIQUORS INTO STATE — AIDING AND ABETTING—"PRINCIPAL."—Under the first constitutional amendment, prohibiting the introduction of intoxicating liquors into the state, one who requested another to bring liquor into the state was punishable as a principal, although he purchased it from such person within the state, under Penal Code of 1913, section 27, relating to parties to crimes.

[As to inducement to violate liquor law with view to prosecution therefor as defense to such prosecution, see note in Ann. Cas. 1916C, 732.]

APPEAL from a judgment of the Superior Court of the county of Graham.   A. G. McAlister, Judge.   Affirmed.

Mr. W. K. Dial, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Geo. W. Harben and Mr. R. W. Kramer, Assistant Attorneys General, and Mr. W. R. Chambers, County Attorney, for the State.

FRANKLIN, C. J.—Defendant was charged with the crime of introducing intoxicating liquor into the state, and was convicted.   The offense is alleged to have been committed on the twenty-second day of April, 1916, and the information was based upon the first constitutional amendment pertaining to prohibition, and before the second amendment thereto adopted at the election in 1916 became a law.   Defendant denied the introduction of the liquor, which consisted of 72 pints of whiskey, claiming that he purchased the whiskey within the state.   He made no claim that he introduced the whiskey for his personal use, nor was there a particle of evidence to that effect.   He denied introducing the liquor at all.   In this state

of the evidence, the court told the jury that the affirmative defense of introduction for personal use was not an element in the case. That the matter to be decided was whether or not the evidence showed beyond a reasonable doubt that defendant did introduce the liquor into the state. In this the court was correct. *Sturgeon* v. *State,* 17 Ariz. 513, 527, L. R. A. 1917B, 1230, 154 Pac. 1050.

The court also instructed that if the liquor defendant was charged with introducing was purchased by him within the state, it was a complete defense, and he could not be convicted; but that, if the liquor was brought into the state by another at the instance and request of the defendant, though such liquor was purchased within this state by defendant, he could be punished as a principal. This was a proper instruction. All persons concerned in the commission of a crime, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, are principals in any crime so committed. Section 27, Penal Code 1913.

The defendant was not charged with purchasing whiskey in Arizona. He was charged with the crime of introducing intoxicating liquor into the state, and this he denied. So, under the facts of the case, it was immaterial for what purpose he did purchase the liquor. The instruction of the court to this effect is the principal ground relied upon for a reversal. The instructions as a whole fairly guard the rights of the defendant, and the evidence is amply sufficient to sustain the conviction. Some other errors are pointed out, but they are not much insisted upon, and they are not of sufficient importance to extend the opinion. Judgment affirmed.

ROSS and CUNNINGHAM, JJ., concur.